IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Lancaster | : | CASES CONSOLIDATED |
| | : | |
| v. | : | No. 1399 C.D. 2024 |
| | : | No. 1703 C.D. 2024 |
| Irene Grivas, | : | Submitted: December 8, 2025 |
| Appellant | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                    HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER              FILED:  August 4, 2026


Irene Grivas, pro se, appeals from various orders entered by the Lancaster County Court of Common Pleas (trial court), in a public nuisance action brought by the City of Lancaster (City) against Grivas in her capacity as owner and landlord of a residential property located in the City.  While the trial court granted two preliminary injunctions in the City's favor, it ultimately dismissed the City's public nuisance complaint and Grivas' Counterclaim, after the parties agreed that the public nuisance had been abated.  Shortly before this dismissal, the trial court also denied five pending motions and requests from Grivas.  These rulings are the subject of these consolidated appeals.  For the reasons that follow, we affirm.

## I. BACKGROUND[1]

These consolidated appeals arise from a public nuisance action brought by the City against Grivas for, *inter alia*, severe rodent infestation at her residential property located at 901 Manor Street, Lancaster, Pennsylvania 17603 (Property). (Supplemental Reproduced Record (S.R.R.) at 1b-31b.) The Property is improved with a semi-detached, single-family dwelling and garage. (*Id.* at 1b, 32b.) Grivas used the Property as a residential rental property. (*Id.*) In July and December 2020, the City filed Notices of Violation against Grivas for, *inter alia*, rodent/insect infestation and improper removal of trash and debris. (*Id.* at 8b-9b, 17b-18b.)

The City issued a notice of condemnation on September 17, 2021, which designated the Property "as unfit for human habitation and occupancy" and directed that it be vacated "until the violations have been eliminated . . . ." (*Id.* at 22b-26b.) The notice of condemnation set forth Lancaster City Property Maintenance Code violations related to rodent harborage, rodent infestation, and removal of trash and debris, among other violations. (*Id.* at 24b-25b.) Grivas filed an appeal of the notice of condemnation, which was denied by the City. (*Id.* at 59b-60b, ¶ 6; Original Record (O.R.) Item 52, ¶¶ 6, 12; O.R. Item 118 at 2, 4; O.R. Item 129 at 2, 7.) Grivas did not appeal that denial to the trial court. (1/21/25 Trial Ct. Op. at 2.)

The City filed a public nuisance action in the trial court on September 21, 2021 (Public Nuisance Action). (S.R.R. at 1b-31b.) The City contemporaneously filed a Motion for a Preliminary Injunction. (O.R. Items 2-3.) The trial court temporarily granted a preliminary injunction by Order dated September 21, 2021, enjoining Grivas from using the Property "for residential occupancy or any other purpose until all violations of City ordinances were abated and a certificate of

[1] Before the trial court, the parties engaged in extensive motion practice. We limit our discussion to the filings that are the subject of the rulings Grivas challenges on appeal.

2

occupancy issued." (*Id.*, Item 4.) A hearing was held on October 1, 2021. (*Id.*, Item 141.) Grivas filed an answer to the complaint along with a Counterclaim for "Malicious Prosecution, Bias, Discrimination, and Abuse of Condemnment [sic] Process" (Counterclaim). (Reproduced Record (R.R.) at 93-94.)[2] The City filed an answer with new matter in response to the Counterclaim on June 16, 2022. (O.R. Item 16; S.R.R. at 38b-57b.) The trial court lifted the preliminary injunction by Order dated July 11, 2022, after the parties agreed that the rodent infestation had been abated. (O.R. Item 24.)

On November 29, 2023, the City filed a second petition for preliminary injunction against Grivas for removing the condemnation placards from the Property and attempting to rent the Property in violation of its condemned status. (*Id.*, Items 48-49.) The trial court granted the second petition for preliminary injunction and ordered that Grivas refrain from removing the condemnation placards or locks, renting the Property, or otherwise violating the administrative condemnation order pending a hearing on the second petition. (*Id.*, Item 50.) The trial court held a hearing on the second petition for preliminary injunction on December 8, 2023. (*Id.*, Item 135.) Grivas was represented during the December 8, 2023 hearing by Steven Feinstein (Attorney Feinstein), who entered his appearance on the record. (*Id.*, Item 135 at 2.)

Following the hearing, the trial court ordered, *inter alia*, that the second preliminary injunction would remain in place until further order of the trial court, and that Grivas would submit to an inspection of the Property within 45 days, take

---

[2] The Reproduced Record pages are not numbered as required by Pennsylvania Rule of Appellate Procedure 2173. *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . : thus 1, 2, 3, etc., followed . . . by a small a, thus la, 2a, 3a, etc. . . . ."). Therefore, this Court references electronic pagination herein.

"all reasonable measure to bring the Property into compliance with the City Code upon receipt of the inspection report," apply for permits, and cease any attempts to communicate with any person or office of the City regarding issues related to the litigation, except through counsel. (*Id.*, Item 55.) The City subsequently filed its first petition for contempt for Grivas' refusal to permit or reschedule the inspection as ordered. (*Id.*, Item 58.) Grivas responded with her own contempt petition against the City. (*Id.*, Item 63.) The trial court scheduled a hearing on February 12, 2024, at which the trial court approved Attorney Feinstein's request to withdraw as counsel for Grivas, denied Grivas' contempt petition against the City, and ordered Grivas to comply with an inspection within 10 days. (*Id.*, Items 64-65, 137.)

On March 3, 2024, Grivas filed a motion seeking to strike the trial court's February 12, 2024 Order denying her above-referenced contempt petition (Motion to Strike). (*Id.*, Item 66.) On July 2, 2024, the City filed a second petition for civil contempt, alleging that Grivas harassed City staff and did not apply for building permits or bring the Property into compliance with applicable codes, as ordered by the trial court. (*Id.*, Item 74.) On July 22, 2024, Grivas filed a motion seeking to quash the underlying administrative condemnation of the Property (Motion to Quash Condemnation). (*Id.*, Item 80.) On July 30, 2024, Grivas filed a "Motion for Emergency Injunction due to Retaliatory and Discriminatory Enforcement Actions by the City []" (Emergency Injunction Motion) seeking to halt further inspections and citations for ongoing property maintenance violations. (*Id.*, Item 81.) The Emergency Injunction Motion and Grivas' opposition to the City's second contempt petition included requests for change of venue and recusal. (*Id.*, Items 79, 81 at 7-8.) On July 31, 2024, the trial court held a hearing on the City's second contempt petition, at which Grivas admitted to violating the no contact provision of the

4

December 8, 2023 Order, and the trial court imposed a $100 sanction. (*Id.*, Item 138 at 13-14, 15.)

On August 1, 2024, the trial court docketed five orders: (1) granting the City's second petition for civil contempt and imposing a $100 sanction on Grivas; (2) denying Grivas' Motion to Strike; (3) denying Grivas' requests for change of venue and recusal of the trial court; (4) denying Grivas' Motion to Quash Condemnation; and (5) denying Grivas' Emergency Injunction Motion. (*Id.*, Items 82-86.) On August 21, 2024, Grivas filed a single Notice of Appeal[3] of those orders.[4] (*Id.*, Item 88.)

Pending appeal of the August 1, 2024 Orders, Grivas filed a "Motion to Dismiss for Lack of Prosecution" (Motion to Dismiss), seeking dismissal of the City's claims against her. (*Id.*, Item 112.) On November 7, 2024, the trial court held a hearing on the Motion to Dismiss. (*Id.*, Item 134.) During the November 7, 2024 hearing, the City agreed to withdraw its Complaint given that the rodents had been abated. (*Id.*, Item 134 at 14.) Following the hearing, the trial court entered an order granting the Motion to Dismiss, dismissing not just the City's claims but also Grivas' Counterclaim. (*Id.*, Item 116.) On November 18, 2024, Grivas filed a Notice of Appeal of this order. (*Id.*, Item 119.) Grivas filed statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) (Rule 1925(b) Statements) for both appeals. (*Id.*, Items 99, 124.)

---

[3] Grivas first attempted to file this appeal with the Superior Court, which then ordered transfer of the appeal to this Court. (O.R., Item 111.)

[4] As pointed out by the trial court, four of these five orders were interlocutory and not ripe for immediate appeal at the time Grivas filed the applicable Notice of Appeal. (11/18/24 Trial Ct. Opinion (Op.) at 4-5, 9.) Specifically, only the trial court's Order denying the Emergency Injunction Motion was immediately appealable as of right. Pa.R.A.P. 311(a)(4). We consider the appeals from these other four orders, however, to the extent that the trial court later entered and Grivas appealed the November 7, 2024 final order dismissing all remaining claims and issues.

## II. PARTIES' ARGUMENTS

Preliminarily, we note that the parties' arguments are presented to us in an atypical fashion, as Grivas' arguments are spread across two briefs: (1) a Principal Brief,[5] which was filed and accepted on July 21, 2025, and (2) a brief and reproduced record attached and labeled as addenda to the Principal Brief (Addendum Brief & Addendum Reproduced Record), which she attempted to file and this Court rejected on or about May 5, 2025.[6] Although the Addendum Brief appears to have been Grivas' initial attempt at a principal brief, the Principal Brief filed several months later covers largely different issues from the Addendum Brief. The Addendum Brief generally focuses on the merits of the consolidated appeals and analyzes issues raised in the Rule 1925(b) Statements, whereas the Principal Brief does not address these issues and instead raises issues with a separate action not subject to these consolidated appeals.[7]

---

[5] Although titled as "Consolidated Brief," we will refer to Grivas' July 21, 2025 Brief as the "Principal Brief" to avoid any interpretation of "Consolidated Brief" as inclusive of the addenda brief and reproduced record or the appeal docketed at No. 398 C.D. 2025, which Grivas improperly references on the cover sheet.

[6] The original deadline for Grivas' principal brief and reproduced record was May 5, 2025. (Briefing Schedule 3/26/25.) Grivas requested both an extension and stay of the briefing schedule, resulting in this Court granting the stay by Order dated May 5, 2025. (Grivas' 4/30/25 & 5/2/25 Appls.; 5/5/25 Order.) That same day, May 5, 2025, Grivas attempted to file a brief and reproduced record, which were rejected for filing. On June 10, 2025, the Court issued a new briefing schedule, which set forth that Grivas' brief and reproduced record were to be due on July 21, 2025. (6/10/25 Briefing Schedule.) Grivas filed her Principal Brief and Reproduced Record on the docket on July 21, 2025, with the Addendum Brief and Addendum Reproduced Record.

[7] The City commenced a wholly separate action in the trial court to enforce the administrative condemnation on February 6, 2025 (Condemnation Enforcement Action), **after** Grivas filed the instant appeals. An appeal involving the Condemnation Enforcement Action is **now pending** with this Court at Docket No. 398 C.D. 2025, which is **not consolidated** with these appeals. Despite only the Public Nuisance Action being the subject of these consolidated appeals, Grivas has repeatedly requested that this Court lift the underlying condemnation or grant other relief related to the Condemnation Enforcement Action. This Court has denied each of Grivas'
**(Footnote continued on next page…)**

6

For sake of clarity, we will first consider the parties' arguments concerning the Addendum Brief before returning to arguments raised in the Principal Brief.[8] Grivas argues that this Court should treat the Addendum Brief and the Addendum Reproduced Record as if incorporated into the Principal Brief and review both briefs on the merits. (Grivas' Principal Brief (Principal Br.) at 24-25.) The City, however, argues that this Court should ignore the Addendum Brief because the Pennsylvania Rules of Appellate Procedure do not permit parties to incorporate by reference the arguments contained in briefs attached to an appellate brief and because acceptance of the Addendum Brief would enlarge Grivas' total word count to approximately 21,000 words—in excess of the 14,000 word limit. (City's Br. at 27, 32.)

Turning to the Principal Brief, relevant to the matters presently before the Court, Grivas asserts that her due process rights were violated insofar as the December 8, 2023 hearing transcript fails to reflect certain events and discussions that she claims took place and the trial court denied her request to correct the record. (Grivas' Principal Br. at 17, 31-33, 40-43.) Grivas also contends that the trial court failed to conduct an impartial proceeding by engaging in an *ex parte* meeting in chambers with the City's counsel and her then-attorney, Attorney Feinstein, whom she disputes she authorized to represent her. (*Id.* at 17, 45-46.)

---

applications requesting such relief and warned that it may impose sanctions should she continue to raise these issues. (3/17/25, 5/8/25, 5/12/25 Mems. & Orders; 6/10/25 and 6/25/25 Orders; 7/16/25 Order (denying 5/1/25 Grivas Appl.); 7/16/25 Order (denying 5/19/23 & 5/23/25 Grivas Appls.).) To the extent that Grivas' briefing raises issues related to the Condemnation Enforcement Action, these issues are not properly before us in these appeals, and we will not address them further.

[8] Although Grivas' Principal Brief raises the issue of incorporation of the Addendum Brief, for ease of review, we group this issue with discussion of other issues related to the Addendum Brief.

In response, the City argues that Grivas' consolidated appeals should be quashed due to the volume of procedural defects present across the Principal Brief and the Reproduced Record. (City's Br. at 6, 26-42.) The City also argues that Grivas' filings violate this Court's prior orders rejecting her arguments and warning her to cease arguing about supplementing the record on appeal and that the December 8, 2023 hearing transcript contains errors or inaccuracies. (City's Br. at 41-42.) As to the merits, the City argues that Grivas' request for correction of the December 8, 2023 hearing transcript is waived for failure to preserve it in her Pa.R.A.P. 1925(b) Statements, do not assert any error or abuse of discretion by the trial court, and do not relate back to the underlying trial court orders on appeal. (*Id.* at 43-44.) The City contends that Grivas' allegations related to *ex parte* communications are belied by the record, which reflects the entry of appearance of Attorney Feinstein in open court, in the presence of Grivas. (*Id.* at 52.)

In her Reply Brief, Grivas argues that any arguments regarding procedural defects should be overlooked on the grounds of her *pro se* status. (Reply Br. at 6.[9]) She asserts that her Counterclaim would have sought damages in excess of $96,000 in lost rental revenue ($155,200 in total damages) but admits that the record does not contain evidence of the expenditures or certifications of work referenced in her filing and seeks leave to supplement the record with such evidence. (*Id.* at 1, 4, 6, 11.) Grivas reiterates her arguments related to *ex parte* communications, transcript omissions and misstatements, and supplementation of the record as those already briefed. (*Id.* at 8-9.)

---

[9] The Reply Brief's pages are not numbered, so we refer to page numbers by internal pagination.

8

## III.  DISCUSSION

### A.  *Addendum Brief and Addendum Reproduced Record*

Before we reach the issues in the Principal Brief, we will first address the parties' dispute concerning whether Grivas has waived the arguments in the Addendum Brief.  Grivas relies on Pennsylvania Rule of Appellate Procedure 2137 in support of her incorporation argument, which provides:

> In cases involving **more than one appellant or appellee**, including cases consolidated for purposes of the appeal pursuant to Rule 513 [Pa.R.A.P. 513] (consolidation of multiple appeals), any number of either may join in a single brief, and any appellant or appellee **may adopt by reference any part of the brief <u>of another</u>**.  Parties may similarly join in reply briefs.

Pa.R.A.P. 2137 (emphasis added).

Here, these consolidated appeals involve one appellant (Grivas) and one appellee (the City).  Grivas does not seek to adopt by reference the brief "of another," but rather, asks that this Court permit adoption by reference an additional brief that she drafted for this appeal.  *Id.*  Grivas, in effect, asks that she be able to file **two principal briefs** for this Court's review, in the same case.  As a matter of law, Rule 2137 is therefore inapplicable to these facts.

Furthermore, our Supreme Court has declared that our Rules of Appellate Procedure do not allow for incorporation by reference of arguments contained in briefs attached as appendices to an appellate brief:

> [The Pennsylvania Supreme Court] ha[s] previously held that such **"incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court**. *Commonwealth v. Edmiston*, [] 634 A.2d 1078, 1092 n.3 ([Pa.] 1993) (specifying that all claims a litigant desires our court to consider are required to be set forth in the appellate brief and not just incorporated by reference); *Pines v. Farrell*, [] 848 A.2d 94, 97 n.3

9

([Pa.] 2004) (holding that reliance on the "briefs and pleadings already filed in this case" was "not a recommended form of advocacy" and noting that "this Court is not obliged to root through the record and determine what arguments, if any, respondent forwarded below, nor are we obliged to fashion an argument on his behalf."). Our rules of appellate procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). **Therefore our appellate rules do not allow incorporation by reference** of arguments contained in briefs filed with other tribunals, **or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief** . . . . Thus, we reiterate that compliance with these rules by appellate advocates who have any business before our Court is **mandatory**. Consequently, since [the a]ppellant has failed to develop or present a proper argument with respect to these constitutional claims, we find them **waived** in this direct appeal.

*Commonwealth v. Briggs*, 12 A.3d 291, 342-43 (Pa. 2011) (emphasis added) (footnotes omitted); *see also Commonwealth v. Housman*, 226 A.3d 1249, 1264 (Pa. 2020).

*Briggs* also considered briefing length limits in its review of the question of whether to accept or find waiver of arguments contained in a brief attached as an appendix to an appellate brief:

> Were we to countenance such incorporation by reference as an acceptable manner for a litigant to present an argument to an appellate court of this Commonwealth, **this would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet.** *See, e.g.*, Pa.R.A.P. 2135(a)(1)[10] (establishing length of principal brief at no greater than 70 pages); *Commonwealth v. (James) Lambert*, [] 797 A.2d 232, 237 n. 4 ([Pa.] 2001) (Opinion Announcing Judgment of the

---

[10] Pursuant to Pennsylvania Rule of Appellate Procedure 2135(a)(1), "[a] principal brief **shall not exceed 14,000 words** and a reply brief shall not exceed 7,000 words, except as stated in subdivisions (a)(2)-(a)(4)." Pa.R.A.P. 2135(a)(1) (emphasis added).

10

Court) (refusing to consider claims not argued in the brief but incorporated by reference from motions made at trial and observing that "[t]o permit appellant to incorporate by reference his previous motions would effectively allow him to more than double the original briefing limit.").

*Briggs*, 12 A.3d at 343 (emphasis added).

This Court has repeatedly applied *Briggs* to find waiver when a party incorporates an argument by reference to another brief or filing in lieu of developing the issue in the body of a brief. *See, e.g.*, *Jones v. Sch. Dist. of Phila.*, 206 A.3d 1238, 1250 (Pa. Cmwlth. 2019) ("Rather than developing a coherent argument with respect to each of these claims, with proper citation to relevant case law supporting his argument as required by the Pennsylvania Rules of Appellate Procedure, [the petitioner] simply attempts to incorporate by reference the memorandum he submitted to the Secretary below . . . . Consequently, [the petitioner] has waived these arguments."); *Upper Moreland Twp. Sch. Dist. v. Crisafi*, 86 A.3d 950, 954 (Pa. Cmwlth. 2014) ("[I]ncorporation by reference is not proper development of an issue raised in a brief."); *Walsh v. Isabella* (Pa. Cmwlth., Nos. 577 C.D. 2022, 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, 76 C.D. 2023, filed Dec. 23, 2024), slip op. at 14-15 (rejecting arguments raised in other briefs, motions, and exhibits incorporated by reference in the body of principal brief).[11]

The Superior Court has also applied the same reasoning in *Briggs* to discourage the practice of incorporation of arguments by reference in appellate briefing. *See, e.g.*, *Deal v. Child.'s Hosp. of Phila.*, 223 A.3d 705, 715 (Pa. Super. 2019) ("Incorporation by reference of other documents does not comply with Rule 2119(a) . . . . Accordingly, where, as here, an appellant's argument on an issue

---

[11] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

11

merely refers to or incorporates by reference prior legal filing, that issue is waived."); *Franciscus v. Sevdik*, 135 A.3d 1092, 1097 (Pa. Super. 2016) ("We do not permit parties to incorporate by reference arguments made in other briefs or pleadings."); *Moses Taylor Hosp. v. White*, 799 A.2d 802, 805 (Pa. Super. 2002) ("Such adoption by reference [of memoranda from the record and a brief from another case] results in an inadequate explanation of the issues and forecloses any meaningful appellate review. We are constrained to conclude that such incorporation by reference constitutes waiver of [the a]ppellant's issues on appeal.").[12]

Here, Grivas attaches the Addendum Brief to her Principal Brief and asks that this Court treat it and the Addendum Reproduced Record "as incorporated into this submission for all purposes, including issue preservation, factual supplementation, and avoidance of waiver." (Grivas' Principal Br. at 25.) Consistent with *Briggs* and its progeny, we are constrained to find the arguments in the Addendum Brief waived, except to any extent they are properly developed in the Principal Brief.[13]

## B. City's Request to Quash or Dismiss Consolidated Appeals

Having addressed the Addendum Brief, we turn to the arguments raised in connection with the Principal Brief. Before we reach the merits of these arguments, we will first address the City's request that this Court quash or dismiss Grivas' consolidated appeals due to procedural defects in the Principal Brief and Reproduced Record.

---

[12] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[13] Even if Grivas had properly preserved the arguments from the Addendum Brief in her Principal Brief, we have carefully reviewed the Addendum Brief and conclude that she would not have prevailed on the merits of any of the issues raised.

12

Pursuant to Pa.R.A.P. 2101, if an appellant's brief and reproduced record do not conform "in all material respects" with the requirements of the Pennsylvania Rules of Appellate Procedure, the brief and reproduced record "**may** be suppressed, and, if the defects . . . are substantial, the appeal or other matter **may** be quashed or dismissed." Pa.R.A.P. 2101 (emphasis added); *see, e.g.*, *Kochan v. Dep't of Transp.*, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001) (quashing an appeal because the "[a]ppellant's brief [was] defective to the point that it constitute[d] a violation [of] Pa.R.A.P. 2101 and, consequently, preclude[d] effective appellate review of the matter[.]"); *Lal v. Dep't of Transp.*, 755 A.2d 48, 51 (Pa. Cmwlth. 2000) ("While some of the errors in [the appellant]'s brief could, if viewed in isolation, be considered *de minimis* violations of the Rules, the sheer volume of violations and errors contained in this brief constitute substantial defects warranting quashing of this appeal pursuant to Pa.R.A.P. 2101.").

That said, "[a] brief's technical deficiencies may not warrant outright quashal of the underlying appeal if they 'do[ ] not preclude this Court from discerning [an appellant's] arguments . . . or from performing meaningful review of the issues on appeal[.]'" *770 Ameribeer, Inc. v. Pa. Liquor Control Bd.*, 318 A.3d 998, 1004 n.6 (Pa. Cmwlth. 2024) (alterations in original) (citation omitted); *see also Askew v. Pa. Off. of Governor*, 65 A.3d 989, 991 n.4 (Pa. Cmwlth. 2013) ("[T]his Court will not dismiss an appeal because a pro se brief fails to comply with the Rules of Appellate Procedure where the noncompliance does not impede our ability to conduct meaningful appellate review[.]") (citing *Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 425-26 (Pa. Cmwlth. 2012)).

Here, the City asserts that Grivas' Principal Brief and Reproduced Record violate numerous sections of the Pennsylvania Rules of Appellate Procedure.[14] (City's Br. at 26-42.) Although we agree that Grivas' Principal Brief and Reproduced Record violate most (if not all) of the rules identified by the City, we decline to quash or dismiss Grivas' consolidated appeals on these procedural grounds. Although Grivas' Principal Brief does not strictly comply with the applicable Rules of Appellate Procedure, the Court is able to meaningfully address the merits of the appeal. We decline to reject the Reproduced Record for these same reasons, notwithstanding that the City correctly identifies several examples of such noncompliance with the Rules.[15] Accordingly, under these circumstances, the Court will address the arguments raised by Grivas in her Principal Brief to the extent that we are able to do so, except as otherwise noted herein.

---

[14] Specifically, the City asserts that Grivas' Principal Brief violates the following Rules of Appellate Procedure: (1) Pa.R.A.P. 2111(a)-(b); (2) Pa.R.A.P. 2114; (3) Pa.R.A.P. 2115; (4) Pa.R.A.P. 2116; (5) Pa.R.A.P. 2117(a)-(b); (6) Pa.R.A.P. 2118; (7) Pa.R.A.P. 2119(a)-(b); (8) Pa.R.A.P. 2132(a); and (9) Pa.R.A.P. 2135(a). (City's Br. at 31-39.) The City also argues that Grivas' Reproduced Record fails to comport with: (1) Pa.R.A.P. 2152; (2) Pa.R.A.P. 2173; (3) Pa.R.A.P. 2174(a); and (4) Pa.R.A.P. 2175(a). (*Id.* at 39-42.)

[15] We will not, however, consider materials in the Reproduced Record that were filed in the separate Condemnation Enforcement Action, such as the Affidavit of Susie Gomez which we previously ruled was not properly included in the record (7/29/25 Mem. & Order), or any other materials that do not appear in the Original Record. *See Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022) ("It is well-settled that the Court may not consider extra-record evidence that is not part of the record on appeal.").

### C. *Issues Raised in Grivas' Principal Brief*[16]

#### i.     *Correction of Record*

Grivas contends that the trial court denied her due process by not permitting corrections to the record, including to the transcript of the December 8, 2023 hearing, to reflect objections to alleged *ex parte* discussions, a continuance request, a praecipe to terminate a prior attorney, and a "subpoena order." (Grivas' Principal Br. at 16-17.) Preliminarily, we note that Grivas has filed numerous applications with this Court related to the alleged transcript omissions complained of here, beginning with the April 30, 2025 "Motion to Correct the Record Regarding December 8, 2023 Hearing Transcript" in which she requested that this Court grant much of the same relief sought now.[17] We denied this Application in a Memorandum and Order dated May 23, 2025, which addresses the same issues concerning the December 8, 2023 hearing transcript as raised here:

> Simply put, [Grivas] is not asking that the transcript be "corrected." **Rather, she is seeking to inappropriately add to the transcript. The transcript should only reflect what actually transpired during the hearing. Pa.R.A.P. 1922(c) does not allow an appellate litigant to amend a trial court transcript to include any matter that the appellant believes should have been raised at that time.** Rather, [Grivas'] arguments for "correcting" the transcript are, in reality,

---

[16] The trial court's Pa.R.A.P. 1925(a) Opinion (11/18/24 Opinion) notes that Grivas did not develop any argument in her Rule 1925(b) Statement regarding three of its five August 1, 2024 Orders, the orders (1) denying Grivas' Motion to Strike; (2) denying Grivas' request for change of venue and recusal; and (3) granting the City's second petition for civil contempt. (11/18/24 Trial Ct. Op. at 8 n. 5.) Upon careful review of the relevant Rule 1925(b) Statement (O.R. Item 99), we agree. Because Grivas did not develop any argument regarding any of these orders, she has waived any issues related to these filings. *See Kull*, 81 A.3d at 160 ("Issues not included in a party's [Rule] 1925(b) [s]tatement are waived and will not be addressed on appeal.").

[17] Following these appeals, Grivas filed a "Motion to Correct the Record Regarding December 8, 2023 Hearing Transcript" in the trial court. In her Principal Brief, Grivas challenges the City's response in opposition to that motion as untimely. As these filings post-date the Notices of Appeal, this issue is not properly before us.

arguments that the trial court erred, and would more appropriately be raised in an appellate brief on the merits. Accordingly, **because [Grivas] has not demonstrated that the December 8, 2023 hearing transcript contains any errors or that it is an incomplete representation of the proceedings**, and because an identical request to amend the hearing transcript is pending before the trial court, the Application is DENIED.

(5/23/25 Mem. & Order (emphasis added) (footnotes omitted).)[18] For the same reasons, we reject Grivas' argument now as it relates to the December 8, 2023 hearing transcript.

While not specifically set forth in the Questions Presented section, Grivas' Principal Brief also alleges omissions and misstatements in transcripts from other hearing dates, including November 21, 2022, February 12, 2024, July 31, 2024, and November 7, 2024, but does not offer any evidentiary support for the allegations. (Grivas' Principal Br. at 34-40.)[19] We decline to grant relief related to any of these transcripts, having already barred Grivas from any further attempts to supplement or correct the record. (7/29/25 Mem. & Order; 6/10/25 Order.) Moreover, Grivas did not raise defects in these transcripts before the trial court in either of her Rule 1925(b) Statements. These issues are therefore waived. *See Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) ("Issues not included in a party's [Rule] 1925(b) [s]tatement are waived and will not be addressed on appeal.").

---

[18] Grivas made repetitive requests to supplement the record or correct the hearing transcript, resulting in numerous Orders denying her applications raising these issues. (*See, e.g.*, 6/10/25 Order; 6/25/25 Order (denying Grivas' 5/15/25 & 5/17/25 Appls.); 7/16/25 Order (denying Grivas' 5/5/25 Appl.); 7/29/25 Mem. & Order; 8/25/25 Order; 8/26/25 Mem. & Order; 10/2/25 Mem. & Order; 10/9/25 Order; & 12/8/25 Order.)

[19] Grivas also challenges a March 4, 2025 hearing transcript, which pertains to the Condemnation Enforcement Action, which is not part of these appeals. *See supra* note 7.

### ii. Ex Parte Discussions

Grivas also alleges that the trial court was improperly influenced by *ex parte* discussions with her then-counsel, Attorney Feinstein,[20] who she claims she did not authorize to represent her or negotiate an agreement with the City at the December 8, 2023 proceeding. (Grivas' Principal Br. at 16.)  Contrary to her assertions, the record reflects that Grivas was represented by Attorney Feinstein during the December 8, 2023 proceeding, following the withdrawal of her prior attorney, Attorney O'Hanlon:

> ATTORNEY O'HANLON:  Stephen O'Hanlon on behalf of [Grivas]. Your Honor, this attorney to my right, Steven Feinstein, I believe is going to enter his appearance, in which case I would guess if Your Honor approves that, that my motion to withdraw would become moot, Your Honor.
>
> THE COURT:  Thank you.  [Attorney] Feinstein.
>
> . . . .
>
> ATTORNEY FEINSTEIN:  **I was retained this week to represent [Grivas].**  I have not even had opportunity to review all of the documents in the case or enter my appearance.  Whatever the Court instructs me to do as far as filing a formal entry, I will do.  I will – I'm more than happy to file an entry and withdrawal for a substitution of counsel **unless if you want to order it on the record now, that's fine.**
>
> THE COURT:  **Well, I'll go ahead.  At least on the stenographer's record, I'm going to allow [Attorney] O'Hanlon and his firm to withdraw and then enter the appearance of [Attorney] Feinstein** . . . .  Very good, sir.  Then, if you would, supplement the file and serve on the City the formal entry of appearance.

(O.R. Item 135 at 2-3 (emphasis added).)  After his entry of appearance, the record reflects that Attorney Feinstein then proposed a possible agreement with the City to

---

[20] We note that Grivas periodically refers to Attorney Feinstein as "opposing counsel" in her briefing, even though he never appeared as counsel opposite to her.

17

resolve the injunction matter following an inspection of the Property by the City. (*Id.* at 6.) The trial court permitted a recess for counsel to discuss, after which the proceeding reconvened, and the trial court read the terms of the agreement into the record. (*Id.* at 6-9.) The trial court addressed this issue as follows:

> [] Grivas alleges that I entertained "backroom proceedings and agreements held in chambers without authorization or permission." . . . The only communications that occurred without [] Grivas present took place when she was represented by counsel. I allowed [] Grivas' counsel to withdraw when requested and, to the extent that [] Grivas is dissatisfied with the services of her attorneys, she must litigate those grievances separately.

(1/21/25 Trial Ct. Op. at 12.) We agree with the trial court.

Here, Grivas points to no evidence that would suggest the trial court engaged in *ex parte* communications and lacked impartiality. While Grivas complains that the trial court entertained *ex parte* discussions in an "unauthorized in-chambers meeting" on December 8, 2023, these allegations are predicated on this Court agreeing that Attorney Feinstein was not Grivas' attorney at the time of the December 8, 2023 proceeding. (Grivas' Principal Br. at 41.) The above-quoted transcript reflects otherwise.[21] Moreover, at the February 12, 2024 contempt hearing, Grivas admitted to having retained Attorney Feinstein:

> GRIVAS: I – it's *ex parte* communication because Mr. Feinstein was not even authorized to be my attorney or make those kind of agreements because I didn't retain him to. He went outside the scope **of what I retained him for.**

---

[21] While Grivas vaguely asserts that she "objected on the record" to Attorney Feinstein's appearance and/or his conduct during the proceeding of December 8, 2023, and that the transcript omitted these objections, she offers no evidence or explanation for these omissions. (Grivas' Principal Br. at 10-11.) It is unclear whether Grivas' alleged "objections" were ever made in open court as alleged, or were instead limited to email objections sent to Attorney Feinstein as referenced in Grivas' Principal Brief. (*Id.* at 32-33.)

(O.R. Item 137, p. 20 (emphasis added).)

Where the record indicates that Grivas was represented by counsel at all times during the December 8, 2023 proceeding, we conclude that the subsequent discussions between counsel and the trial court were not *ex parte*. That Grivas may be dissatisfied with her then-counsel's representation is not a reason to find the trial court erred by accepting the appearance of counsel (who Grivas admits she retained), discussing the case with counsel, or placing a negotiated agreement between counsel on the record in open court. Accordingly, this issue is without merit.

## IV. CONCLUSION

Based on the foregoing, we conclude that the trial court did not err by dismissing Grivas' Counterclaim or issuing the five Orders docketed August 1, 2024. Accordingly, we affirm the trial court's Orders.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Lancaster            :    CASES CONSOLIDATED
                                 :
        v.                  :    No. 1399 C.D. 2024
                                   :    No. 1703 C.D. 2024
Irene Grivas,                 :
             Appellant    :

**O R D E R**

      **NOW**, August 4, 2026, the Orders of the Court of Common Pleas of Lancaster County, entered in the above-captioned matter, are hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge